**In re Terry–Eugene: BUSBY, Debtor.**

**Terry–Eugene: Busby, Plaintiff,**

v.

**John Doe, etc., et al., Defendants.**

No. 98–08–MISC–ORL–19.

Bankruptcy No. 97–10468–6J7.

Adversary No. 98–48.

United States District Court, M.D. Florida, Orlando Division.

Dec. 1, 1998.

**ORDER**

FAWSETT, District Judge.

This cause came before the Court on the Court's Order Granting Sanctions Against Plaintiff Terry–Eugene: Busby (Doc. No. 18, filed October 22, 1998); Plaintiff's Refusal for Cause (Doc. No. 19, filed October 30, 1998); Defendants' Notice of Filing Declarations of Attorneys (Doc. No. 20, filed November 3, 1998); Decl. of Ann Reid (Doc. No. 21, filed November 3, 1998); Decl. of Jose Francisco De Leon (Doc. No. 22, filed November 3, 1998); and Plaintiff's Challenge of Jurisdic-

4. *Id.*

tion and Demand for Discharge (Doc. No. 23, filed November 16, 1998).

In its Order, the Court ordered Defendants to comply with the United States Magistrate Judge's Report and Recommendation (Doc. No. 16) by applying for attorneys' fees. (Doc. No. 18). Defendants complied by submitting the declarations of Ann Reid and Jose Francisco De Leon. (Doc. Nos. 21–22).

Upon reconsideration, the Court declines to award Defendants their attorneys' fees. Rather, consistent with the Advisory Committee Notes to Bankruptcy Rule 9011, the sanctions shall be paid to the Clerk of the Court.[1] Moreover, upon review of the record, the Court determines that $5,000 is an appropriate sanction for this patently frivolous action and the Request for Admissions that Plaintiff served on Defendants, including the following Requests: "Admit that you are currently denouncing Christianity."; "Admit that you have committed acts of war against Terry–Eugene: Busby."; and "Admit you have committed act(s) of treason against the united [*sic*] States of America." (Doc. No. 10, Exh. 1, at 12, 14–15).

Therefore, Plaintiff shall pay a fine to the Clerk of Court in the amount of $5,000. In addition, Plaintiff must "seek leave of court before filing pleadings in any new ... lawsuit" until such fine is paid. *See Procup v. Strickland,* 792 F.2d 1069, 1072 (11th Cir. 1986) (noting that such limitation may be proper and citing cases); *see also Martin–Trigona v. Shaw,* 986 F.2d 1384, 1387–88 (11th Cir.1993) (approving the district court's use of such limitation).[2]

---

**1.** The Advisory Committee Notes to the 1993 Amendments to Federal Rule of Civil Procedure 11 note that "[s]ince the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." Fed.R.Civ.P. 11 (1993 Advisory Comm. Notes); *see also* Bankr.R. 9011 (1997 Advisory Comm. Notes) ("This rule is amended to conform to the 1993 changes to F.R.Civ.P. 11. For an explanation of these amendments, see the advisory committee note to the 1993 amendments to F.R.Civ.P. 11").

**2.** As an additional support for restricting Plaintiff's ability to file new claims, the Court notes that Plaintiff has a history of bringing unsupported claims. *See In re: Busby,* No. 96–967–CIV–ORL–19 (dismissing claim as untimely filed); *In re: Busby,* No. 96–50–MISC–ORL–19 (denying motion to stay pending appeal); *In re: Busby,* No. 98–260–CIV–ORL–19 (dismissing complaint); *In re: Busby,* No. 98–531–CIV–ORL–19 (dismissing bankruptcy appeal); *cf. In re: Busby,* No. 98–530–CIV–ORL–22 (bankruptcy appeal pending).